ORDERED.

Dated:  May 17, 2017

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                         Case No.: 6:15-bk-06677-RAC
                                                                               Chapter 7
Carlos M. Nieves
Deborah Acevedo

DEBTORS_____/

ORDER GRANTING TRUSTEE'S
MOTION TO SELL REAL PROPERTY AND PAY SECURED CREDITORS
(2472 Monte Cristo Way, Sanford, FL 32771)

THIS CASE came for hearing before the court on May 17, 2017 to consider Chapter 7 Trustee, Arvind Mahendru's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors* (the "Motion") (Dkt. No. 32). Arvind Mahendru, appeared on behalf of the bankruptcy estate.  Upon review of the record, and for reasons stated orally in open court, the court finds that the Motion should be GRANTED.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1.    The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2.    The Motion is GRANTED.

3.    The Trustee is authorized to sell the real property located at:

**LOT 44, STERLING MEADOWS, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 69, PAGE(S) 21 THROUGH 28, OF THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA.**

more commonly known as 2472 Monte Cristo Way, Sanford, FL 32771 (the "Real Property"), conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

4.    The Trustee is authorized to sell the following chattel /fixtures to the Real Property in conjunction with the sale of the Real Property: (a) all six ceiling fans attached, (b) the stainless steel refrigerator, (c) the stainless steel dishwasher, (d) the stainless steel range, (e) the stainless steel microwave/ range hood, (f) the vinyl fencing on the north side of the back yard, (g) the exterior coach lights on each side of the garage door, (h) the deck in the back yard, (i) the pergola attached to the backyard patio, (j) the custom pantry door with etched glass, and (k) all window blinds.  The foregoing are property of the estate and are not to be removed from the Real Property by the Debtors or any other party until such time that the sale of the Real Property closes or unless expressly authorized to do so by the Trustee.

5.    The Trustee is authorized to pay the first mortgage creditor, Deutsche Bank National Trust Company as Trustee for the Soundview Home Loan Trust 2007-NS1 Asset-Backed Certificates, Series 2007-NS1, ("Secured Creditor" or "Deutsche Bank") the full amount of their lien as of the date of closing or an amount not less than $175,275.11 to which Deutsche Bank expressly consents to accept in consideration of the release of its lien.

6.    The Trustee is further authorized to pay the second mortgage creditor described in the Motion, Nationstar Mortgage, LLC ("Nationstar"), the full amount of their lien as of the date of closing or other amount to which Nationstar expressly consents to accept in consideration of the release of its lien.

7.      The Trustee is further authorized to pay the home owner's association creditor described in the Motion, Sterling Meadows Property Owners Assoc. ("Sterling Meadows"), the full amount of their lien as of the date of closing or other amount to which Sterling Meadows expressly consents to accept in consideration of the release of its lien.

8.      The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to the Melvin Javel Martinez and Geraldine Belen Martinez, husband and wife (the "Buyers").

9.      Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

1. Carlos M. Nieves, Debtor, name on deed
2. Deborah Acevedo, Debtor, name on deed
3. Deutsche Bank, first mortgage lienholder
4. Nationstar, second mortgage lienholder

10.     This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

11.     The Buyers have not assumed any liabilities of the Debtors.

12.     The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with

respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% to Keller Williams Winter Park | $12,492.00* |
| *commission is anticipated to be shared with cooperating agent from Bee Realty Corp. | |
| | |
| Title Charges: | $ 1,816.00 |
| Government recording / transfer charges: | $ 1,457.40 |
| Other / Debits (i*ncl. 506(c) surcharge and carve out to estate*) | $ 9,166.72 |
| Satisfaction of Liens: | |
|     Deutsche Bank (first mortgage) | $ 175,275.11 |
|     Nationstar Mortgage, LLC (second mortgage) | $ 6,000.00 |
|     Sterling Meadows Property Owners Assoc. (HOA) | $ 1,191.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the above referenced lienholders.

13. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

14. Buyers are approved as a buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyers shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

15. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

16. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties

without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

17. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

18. The Trustee shall pay a dividend of $5,000.00 from the proceeds of the sale to unsecured creditors.

Arvind Mahendru, Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.